UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ABDUS SHAHID MUHAMMED :
:
v. : CIV. NO. 03:06CV1137 (WWE)
:
CITY OF BRIDGEPORT, et al :

RULING: PLAINTIFF'S MOTION TO COMPEL [DOC. #31]

Pending is plaintiff's motion to compel [Doc. #31]. The Court heard oral argument on November 13, 2008 and, after careful consideration, Plaintiff's Motion to Compel [Doc. #31] is GRANTED in part and DENIED in part.

Background

Plaintiff claims under 42 U.S.C. § 1983 that Officers Gudauskas and Borrico and the City of Bridgeport violated his civil rights by using excessive force against the plaintiff. Plaintiff claims that he suffered catastrophic injuries, including losing sight in one eye.

Standard of Review

Rule 26(b)(1) of the Federal Rules of Civil Procedure sets forth the scope and limitations of permissible discovery. Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. Fed. R. Civ. P. 26(b)(1). Information

1

that is reasonably calculated to lead to the discovery of admissible evidence is considered relevant for the purposes of discovery. *See* Daval Steel Prods. V. M/V Fakredine, 951 F.2d 1357, 1367 (2d Cir. 1991); Morse/Diesel, Inc. Fidelity & Deposit Co., 122 F.R.D. 447, 449 (S.D.N.Y. 1988).

Requests for Production at Issue

> Request for Production No. 1 seeks, "a copy of your complete personnel file from the Bridgeport Police Department, including any statements ever given to internal affairs officer."

Defendant objects to Request No. 1 as overly broad because it is not restricted to incidents where unnecessary force was alleged or found. The plaintiff has obtained redacted versions of the internal affairs investigations of Officers Gudauskas and Borrico through FOIA requests. The Court reviewed the internal affairs documents and designated those that are to be turned over to the plaintiff in an unredacted form.

> Request for Production No. 2 seeks, "all personnel files of each defendant officer including, but not limited to, all records, interviews, memoranda or other documents contained in or made a part of the personnel records or other files where ever kept, of defendant officers that were or are currently maintained by defendants or any of its departments, agencies or employees, including, without limitation, complaints concerning conduct as a police officer, disciplinary or internal police review of activities as a police officer, and psychiatric evaluations."

Counsel reached an agreement regarding most of the information contained in the personnel files. Psychiatric reports are not a part of the officer's personnel files. Defense counsel will obtain any psychiatric reports if they exist, and

2

identify the persons who have had access to them.

> Request for Production No. 3 seeks, "any memoranda, records and/or reports involving the arrests made by defendant officers while serving with the Bridgeport Police Department including, but not limited to, the date of arrest, name of person arrested and type of arrest, in which force was used to make an arrest and/or in which cases were later nolled or dismissed."

> Request for Production No. 5 seeks, "All reports, records, documents, letter, memoranda and notes which are part of or relate to the discharge of a weapon or use of any other instrument by defendant officers at any time, on or off duty."

Compliance with Requests for Production Nos. 3 and 5 would require the defendants to review every report involving Officers Gudauskas and Borrico, who have been employed as officers by the City of Bridgeport for 10 and 7 years, respectively.

The Court agrees that if the reports need to be hand sorted and reviewed, these requests are overly broad and unduly burdensome. Defense counsel is instructed to determine if an alternate method exists for the police department to search and sort the records. If a more efficient way exists and the parties are unable to agree on a scope of inquiry, the Court will hear further argument.

> Request for Production No. 4 seeks, "copies of any and all medical and/or hospital records of the defendant officers relating to any treatment associated with the arrest of plaintiff."

Defense counsel has agreed to obtain an authorization from the officers and collect the medical records. If defense counsel objects to disclosure of any of the records, the Court will conduct an in camera review.

Accordingly, plaintiff's Motion to Compel [Doc. #31] is

3

GRANTED in part and DENIED in part.

This is not a recommended ruling. This is a discovery ruling and order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 6(a), 6(e) and 72(a); and Rule 2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

ENTERED at Bridgeport this 13th day of November 2008.

```
    /s/
HOLLY B. FITZSIMMONS
UNITED STATES MAGISTRATE JUDGE
```