UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ABDUS SHAHID MUHAMMED : | |
|     Plaintiff, : | |
| : | |
| v. : | 3:06-cv-1137(WWE) |
| : | |
| MARK MARTOCCIO, formerly known : | |
| as MARK GUDASKAS, and : | |
| JAMES BURRICO, : | |
|     Defendants. : | |

**MEMORANDUM OF DECISION ON**
**PLAINTIFF'S MOTIONS FOR AWARD OF ATTORNEYS' FEES**

Attorneys Charles Kurmay and John Williams, counsel for plaintiff Abdus Shahid Muhammed, have filed two motions (Docs. # 123,130) for the award of attorneys' fees. After a jury trial, the Court entered judgment in favor of plaintiff as to defendant Mark Martoccio and against plaintiff in favor of defendant James Burrico. Plaintiff now seeks reimbursement of attorneys' fees under 42 U.S.C. §§ 1983 and 1988. For the following reasons, the Court will grant plaintiff's motions in part.

**BACKGROUND**

Plaintiff brought suit against defendants Mark Martoccio, formerly known as Mark Gudaskas, and James Burrico, police officers in the Bridgeport Police Department. Plaintiff alleged that he was a victim of excessive force and that he suffered serious and permanent physical injuries. Plaintiff contends that defendants arrested him and subjected him to excessive force including being rammed by defendants' police car and being punched and hit by defendants' walkie talkies and/or other heavy objects. As a result of this beating, plaintiff sustained injuries including, but not limited to, significant

1

blindness in the left eye; serious damage to his left eye; contusions to his face, neck, back and torso; and psychological and emotional distress. Plaintiff asserted that defendants violated his Fourth Amendment rights and his rights under 42 U.S.C. § 1983.

After a jury trial, the jury returned a special verdict finding defendant Martoccio liable to plaintiff for $300,000.00. The jury further found that defendant James Burrico was not liable. Defendants have not filed any opposition to plaintiff's motions.

## DISCUSSION

In an action brought under section 1983, a prevailing plaintiff may be entitled to "a reasonable attorney's fee." 42 U.S.C. § 1988. Plaintiff was successful enough to be considered a prevailing plaintiff under the law.

In determining the amount of reasonable attorney's fees, the Second Circuit has abandoned the lodestar approach, preferring a "presumptively reasonable fee" approach. See Simmons v. N.Y. City Transit Auth., 575 F.3d 170, 172 (2d Cir. 2009). Under the modern analysis, the district court should focus on "all of the case-specific variables that we and other courts have identified as relevant to the reasonableness of attorney's fees in setting a reasonable hourly rate." Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110,117 (2d Cir. 2007). In addition, the court should review the twelve factors set forth by the Fifth Circuit Court of Appeals in Johnson v. Ga. Highway Express, Inc., 488 F.2d 714 (5th Cir. 1974), abrogated on other grounds by Blanchard v. Bergeron, 489 U.S. 87, 92-93, 96 (1989). These twelve factors require the court to examine:

> (1) the time and labor required; (2) the novelty and difficulty of

>     the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

Arbor Hill, 522 F.3d at 187 n.3.

The Supreme Court has pointed out that the most important factor to a determination of what constitutes reasonable attorney's fees is "the degree of success" obtained by plaintiff. See Farner v. Hobby, 506 U.S. 103, 114 (1992). This analysis is not limited to whether plaintiff prevailed on his individual claims. Rather, the "quantity and quality of relief obtained," compared to what plaintiff sought to achieve as evidenced in his complaint, are key factors in determining the degree of success achieved. Barfield v. N.Y. City Health & Hosps. Corp., 537 F.3d 132, 152 (2d Cir. 2008).

Building on the Johnson factors and the required examination of plaintiff's success, courts have previously found that the Johnson factors should be used to calculate the presumptively reasonable fee, which should then be reduced to the extent that plaintiff's success was limited. See, e.g., Saunders v. City of New York, 2009 U.S. Dist. LEXIS 115366, *28 (S.D.N.Y. Dec. 9, 2009); see also Kassim v. City of Schenectady, 415 F.3d 246, 255-256 (2d Cir. 2005).

I.   **Attorney Charles L. Kurmay**

Attorney Charles L. Kurmay primarily represented plaintiff during this action.

Attorney Kurmay requests a total of $73,850.00 in attorney's fees and $6,537.40 in costs stemming from his representation of plaintiff for a total award of $80,387.40. Attorney Kurmay's billing rate is currently $250.00 per hour and has been $250.00 per hour since the beginning of his involvement in this matter on March 23, 2004.

According to plaintiff's motion, Attorney Kurmay billed 292.40 hours for work performed between March 23, 2004 and June 18, 2010, including travel time.

Based on plaintiff's motion, it is clear that Attorney Kurmay has significant experience in litigating criminal and civil cases. The Court, therefore, finds Attorney Kurmay's rate of $250.00 per hour to be reasonable.

The Court will first reduce counsel's requested total of $80,387.40 because of a miscalculation of fees. Counsel's original request for attorney's fees should have been $73,750.00 based on 295 hours at $250.00 per hour. Therefore, the starting point for Attorney Kurmay's fees is $73,750.00.

The Court will further reduce the fee award based on plaintiff's Monell claim, which was withdrawn prior to trial. Attorney Kurmay billed $25.00 on May 9, 2008, for emails pertaining to the Monell count and $250.00 on October 22, 2008, for legal research of the Monell count. The Court will thus reduce plaintiff's fee request from $73,750.00 to $73,475.00.

Further, Attorney Kurmay requested fees for the performance of secretarial tasks. On November 7, 2008, Attorney Kurmay billed one hour for time he spent driving from his office at 1995 Main Street, Stratford, Connecticut to the Court, located at 915 Lafayette Blvd., Bridgeport, Connecticut to deliver a letter by hand, and then to drive back to his office.

The Supreme Court has determined that "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." Missouri v. Jenkins, 491 U.S. 274, 288 n.10 (1989); see also Johnson v. Georgia Highway Express, Inc., 488 F .2d 714, 717 (5th Cir. 1974) ("It is appropriate to distinguish between legal work and … clerical work … which can often be accomplished by non-lawyers but which a lawyer may do because he has no other help available.  Such non-legal work may command a lesser rate.  Its dollar value is not enhanced just because a lawyer does it.").

Attorney Kurmay's usual billing rate of $250.00 per hour is excessive for the performance of secretarial tasks, and the Court will allow him to be compensated at $100.00 per hour.  Therefore, the Court will reduce the award for which Martoccio is liable from $73,475.00 to $73,325.00 to enforce the "safeguard against the billing at a profit of secretarial services."  Jenkins, 491 U.S. at 287 n.9.

Attorney Kurmay lumped together the time he accrued for travel with the time he accrued for non-travel.  On June 27, 2008; August 8, 2008; and June 15, 2010, Attorney Kurmay traveled to New Haven, Connecticut and back to his office located at 1995 Main Street, Stratford, Connecticut.   On June 17, 2010, counsel billed one hour and thirty minutes for travel between the Court and his office in Stratford.  Again on June 18, 2010, Attorney Kurmay billed one hour of travel between his office and the Court.  On September 22, 2008 and February 2, 2010, Attorney Kurmay billed a combined total of two hours for travel to the scene of the incident.  Finally, on October 8, 2008, Attorney Kurmay traveled one hour to meet with witnesses.

Non-working travel time is customarily billed at half-rate in the Second Circuit.

See Gonzalez v. Bratton, 147 F. Supp. 2d 180, 213 n.6 (S.D.N.Y. 2001).

Travel between Attorney Kurmay's Stratford office and New Haven should take approximately two hours round-trip.[1]  Counsel will be reimbursed for three trips between his office and New Haven for a total time of six hours.  Travel between Attorney Kurmay's Stratford office and the Court should take approximately thirty minutes round-trip.[2]  Counsel will be reimbursed for travel between his office and the Court for a total time of one hour at $125.00 per hour.  Accordingly, the Court will award counsel $1,250.00 for ten hours of travel.

Finally, the Court will further reduce the fee award to reflect the fact that the jury did not find James Burrico, against whom plaintiff brought suit, liable.  Therefore, the Court will lower Attorney Kurmay's fee request by 8% from $72,075.00 to $66,309.00.  Based on the foregoing the Court will award plaintiff as the prevailing party, $66,309.00 in attorney's fees and $6,537.40 in costs.

## II.    Attorney John Williams

Attorney John Williams represented plaintiff only at trial.  Attorney Williams requests $19,450.00 in attorney's fees.  Attorney Williams' billing rate is currently $500.00 per hour and has been $500.00 per hour from the beginning of his involvement in this matter on May 10, 2010.

---

[1]     According to Google Maps, it takes approximately one hour to travel to New Haven, Connecticut from Attorney Kurmay's offices at 1995 Main Street, Stratford, Connecticut, and one hour to return.

[2]     According to Google Map, it takes approximately ten minutes to travel to the Court, located at 915 Lafayette Blvd. Bridgeport, Connecticut from Attorney Kurmay's offices at 1995 Main Street, Stratford, Connecticut, and ten minutes to return.

According to plaintiff's motion, Attorney Williams billed 38.9 hours for work performed between May 10, 2010 and June 18, 2010, including travel time, for a total of $19,450.00.

Based on plaintiff's motion, it is clear that Attorney Williams has substantial experience in litigating criminal and civil cases.  The Court finds Attorney Williams' rate of $500.00 per hour to be reasonable.

Counsel billed for secretarial tasks; consequently, the Court will reduce counsel's requested total of $19,450.00 accordingly.  Attorney Williams billed one and a half hours for printing at his usual hourly rate of $500.00 on May 10, 2010, for printing.  Counsel's performance of secretarial tasks at $500.00 per hour is excessive, and the Court will permit Attorney Williams to be reimbursed only at $100.00 per hour for this work.  Therefore, the Court will reduce the award for which Mark Martoccio is liable from $19,450.00 to $18,850.00.

Attorney Williams accrued four hours of travel time between May 10, 2010 and June 18, 2010, as identified in his papers.  Because travel time is customarily billed at half-rate, the Court will award counsel $1,000.00 for his travel time.

Finally, the Court will further reduce the fee award to reflect the fact that the jury did not find James Burrico liable.  Therefore, the Court will lower Attorney Williams' fee request by 8% from $17,850.00 to $16,422.00.

Based on the foregoing, the Court will award plaintiff, as the prevailing party, a total of $16,422.00 in attorney's fees.

## CONCLUSION

For the foregoing reasons, the Court GRANTS plaintiff's motion for attorneys' fees and costs (Docs. # 123, 130) in part and awards Attorney Kurmay $66,309.00 in fees and $6,537.40 in costs and awards Attorney Williams $16,422.00 in fees.

Dated at Bridgeport, Connecticut, this 13th day of September, 2010.

                                                    /s/
                                         Warren W. Eginton
                                         Senior United States District Judge